### TEXAS & P. RY. CO. v. KELLER. (No. 1458.)

(Court of Civil Appeals of Texas. Texarkana. April 20, 1915. Rehearing Denied April 29, 1915.)

CARRIERS ⬥⟾320—INJURIES TO PASSENGER—ABUSIVE LANGUAGE BY EMPLOYÉ—PHYSICAL INJURY.

In an action for damages resulting from profane and abusive language used by the conductor and train auditor toward a passenger whom they accused of not having paid his fare, where there was evidence that the passenger was sick at the time, and that the language used toward him made him feel weak, though he did not know that it made him any weaker, or that it increased his temperature, it was for the jury to say whether there was any physical injury caused by the abuse for which recovery might be had.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. ⬥⟾320.]

Appeal from District Court, Grayson County; W. M. Peck, Judge.

Action by M. C. Keller against the Texas & Pacific Railway Company. Judgment for the plaintiff, and defendant appeals. Affirmed.

Geo. Thompson, of Dallas, and Head, Dillard, Smith, Maxey & Head, of Sherman, for appellant. J. W. Fisher, of Whitesboro, and Wolfe & Wood, all of Sherman, for appellee.

LEVY, J. Appellee sues for damages for alleged abuse and mistreatment by the employés of appellant while he was a passenger on the train. The petition alleged, and there is evidence in support of the allegations, that appellee had given the train auditor his ticket, which showed that his fare from Paris was paid to Whitesboro, and that thereafter the train auditor waked him up and requested him to pay again, and upon appellee's replying that he had already given his ticket to either the auditor or the conductor that the auditor and the conductor both used profane and abusive language to him. The petition further alleges that at the time appellee became a passenger he was sick, and was suffering from fever, and that the treatment and abuse caused him great mental pain and physical suffering. The appellant denied the allegations of abusive language and any mistreatment, and there was evidence offered in support of the denial. The conflict of evidence was determined by the jury in favor of appellee.

The second paragraph of the court's charge reads as follows:

"If you further believe from the evidence that such language or threats to and concerning the plaintiff caused him shame, humiliation, or dis-

tress of mind, or physical suffering, and if you further believe from the evidence that such words and language, if any, used to and concerning plaintiff was of a nature reasonably calculated under the circumstances to produce shame, humiliation, and distress of mind, or physical suffering, then you will find for plaintiff."

The appellant seasonably objected to the instruction as pertains to "physical suffering" as an element of damage, upon the ground that there was no evidence of any physical injury to appellee. A special charge was asked, and its refusal seasonably objected to, directing the jury not to allow anything for physical suffering. The evidence pointed out by appellee as relied upon to show physical injury reads:

"The way they cursed me did not make my fever any higher. I was still sick. I didn't have any thermometer, and didn't test my fever to see if it was any higher or not. I felt weak over being abused. The way he cursed me made me feel weaker. It made me feel worse. I didn't like to be treated that way. I don't know as I was any sicker, but I felt worse. I felt a little weaker than I did."

Under the circumstances, rather should it be left to the practical deliberation of the jury to disassociate mental from physical pain. If the physical condition of the appellee was such as to cause him to suffer a depressing effect of weakness from the wrong, it might be regarded by the jury as a physical injury producing suffering to the body, rather than to the mind. And it is not thought that it can properly be said, as a matter of law, that there is no evidence warranting the issue of physical injury. The matter of extent of such injury is not involved.

The judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes